Parker, J.
concurred in this opinion, and Cabell, J. in that of the president.
Brooke, J.
I think there is no doubt on the first point in this case, the want of parties. The general doctrine is, that if a person who ought to be a party departs from the jurisdiction of the court, the plaintiff cannot be required to make him a party. Mitf. PI. book 2. ch. 3. If a sufficient reason for npt bringing a party before the court is suggested by the bill, as if a party is resident out of the jurisdiction of the court, and that fact is charged, a demurrer will not hold. Nor does the act directing the method of proceeding in courts of equity against absent debtors affect that doctrine. That act was in ease of creditors whose debtors were absentees, to enable them to obtain their debts from resident debtors of the absentees. It does not apply to prevent a creditor or legatee from proceeding against the resident sureties of the absent debtor or personal representative. The facts alleged in the bill, that George the brother of the appellee’s husband had been paid the amount due him, that he had left the country, and that, if alive, his *246 residence was not known, (none of which circumstances are denied by the defendants,) place the case on different ground from the case of Richardson's ex'or v. Hunt, 2 Munf. 148. The objection to the want of parties, I think, has nothing in it.
The second point is, that the plaintiff having made William Bowden a party, as being indebted to the absentee Brown the administrator, she ought to have pursued her claim against him or his representatives, until the assets in their hands, if any, were exhausted, before the defendants the sureties should be made responsible. I think it must be admitted that the plaintiff was under no obligation to make Bowden a party; but having made him a party in ease of the sureties, I do not think she was bound to proceed against his executrix, when it was found that if there were any debt due by Bowden, the amount could not be ascertained but by a prolix proceeding to get at the reversionary interest of his wife in some slaves. On the contrary, I think that upon the coming in of the answer of Bowden's executrix, the plaintiff should have had a decree for the amount of her claim against the absent administrator and bis sureties, leaving it to them to seek indemnity from Bowden's estate, if they really thought he was indebted to Brown, the administrator and absentee. On these grounds, I am (as I was on the former argument of the case) for affirming the decree.
Tucker, P.
This case has again been fully argued, and although I am still of opinion that the decree should be reversed, yet upon the question of parties my views have been somewhat changed. Concurring heartily in the principle-of former decisions as to the right of an executor or his surety, when sued by a residuary legatee or distributee, to require that all such legatees or distributees should be parties, I am of opinion that it is a right which is conceded for his own benefit, and *247 which he may therefore waive. I am moreover of opinion, upon the principle stated a few days past in Manns v. Flinn's adm'r,* that as that right was not insisted on or asserted, it must-be taken to be waived, or at least it cannot for the first time be asserted here. I am therefore of opinion that there was no error in not making--George a party defendant, the defendants not having made the objection in the court below, and the extent of the complainant’s rights being capable of ascertainment without him.
On the other point my opinion is unshaken, and is indeed confirmed and strengthened by the forcible views presented in the argument by the counsel of the appellants. Even if it be conceded that, upon the principles of Dabney's adm'r and others v. Smith's legatees, 5 Leigh 13. (which I fully approve) there was, in the commencement of the suit, no obligation on the complainant to pursue the funds in the hands of Bowden, yet after having instituted that proceeding, and by it attached those funds in the hands of the home defendant, she was bound in good faith to retain any lien she acquired. But for this'course of proceeding, the defendants would, it may be presumed, have taken that pursuit upon themselves. The complainant having done so, they were lulled into security. For seven or eight years the case was depending, and mrs. Bowden's answer having been entirely unsatisfactory, an order, and then an attachment, was moved for against her, to compel her to answer interrogatories. Thus far the sureties were led to believe that redress was in the first instance sought from her; when all at once the plaintiff abandons the pursuit, and moves to discharge the attachment, which the defendants thereupon instantly pray may be enforced. It is enforced. Mrs. Bowden confesses that 5000 dollars came to the hands of her husband as the agent of the administrator, but she says, through her agent, that the *248 administrator was indebted to her husband to a much larger amount. Of this she furnishes no evidence; and herein the case is like that of Beckwith v. Butler, 1 Wash. 224. In this state of things a decree is rendered against the sureties, and being in its character final, (for the plaintiff has attained the object of her suit,) it operates a dismissal as to mrs. Bowden, if it does not discharge her from all future claim. The effect therefore is to remove the lien, if there was any, of the attachment, and to let loose the funds which the suit in effect had impounded. A stronger case cannot, I think, be presented. The plaintiff, by her course of proceeding, has lulled the defendants into security; she has failed to pursue with diligence a fund that might have been available, and has in effect released it by taking a final decree against -the sureties and waiving any decree against the garnishee.
It is said, indeed, that the creditor should not be compelled to go on with a pursuit that might delay him : and as a general principle this is undoubtedly true. Dabney’s adm’r and others v. Smith’s legatees, 5 Leigh 13. The prosecution of this suit manifests no unusual haste or diligence. In eight years the plaintiff might by reasonable diligence have brought about a full investigation of the accounts between Brown and Bowden, and have ascertained the truth of the allegation of mrs. Bowden, (which, by the way, had not the sanction of her oath,) of the existence of a debt to her husband from Brown of 33000 dollars. That debt she was bound to prove. It would lead to most mischievous consequences to decide that a garnishee, who has funds in his hands by his own acknowledgment, should sweep them off by a round assertion that he has demands more than adequate to the amount of them, without the shadow of proof of the existence of those demands. Here, indeed, the allegation has not even the support of the party’s own oath; for the anomalous case is presented *249 of a defendant purging herself from a contempt, not only without oath, but through an agent merely. The proceeding was altogether irregular, as was also the failure to give notice to the sureties of the proceeding of the commissioner. This was peculiarly necessary in this case. For although it is true that at this stage the attachment was prosecuted at the instance of the sureties, yet as it was impossible for them to know when mrs. Bowden would attend to discharge the attachment by submitting to be examined, it was incumbent on the commissioner to give them notice, that they might attend for the purpose of putting the proper interrogatories.
I am, upon the whole, of opinion to reverse the decree, and send the cause back for further proceedings against the funds, of whatever kind, in the hands of the garnishee, which are chargeable with the plaintiff’s demand.
The decree entered in the court of appeals was as follows:
“ The court is of opinion that it would have been improper to postpone a decree in favour of the appellee against the appellants, until a final settlement of the accounts between the estate of Bowden and the absent defendant, and the enforcement of any claim that on such account might be shewn to be due from the estate of Bowden to the absent defendant, or until the equity of redemption in the slaves conveyed by the absent defendant as a security for any balance he might owe Bow-den's estate had been pursued, and, as far as it could be made available, charged with the appellee’s claim ; and that the decree in favour of the appellee against the appellants w’as not prematurely rendered. The court is further of opinion that as the decree appealed from made no final disposition of the matter in controversy in respect to the executrix and estate of William *250 Bowden, that decree did not preclude the plaintiff, should the decree against the appellants prove unavailing, from farther proceedings against the executrix and estate of William Bowden, nor the appellants, after they satisfied or discharged the claim of the plaintiff, from enforcing their right of subrogation, by causing, on their application to the court by petition or cross bill, such farther proceedings to be had, either in the name of the appellee or their own, and in either mode at their costs, so as to obtain in this suit such relief as could have been obtained by the appellee, against the executrix and estate of Bowden, or from the said equity of redemption, had no decree been rendered- against the appellants; and that this right to cause such farther proceedings to be had should still be preserved to the appellee and appellants ; and that if such farther proceedings be not had within a reasonable time after this case shall return to the superior court, the suit, as to the representative and estate of William Bowden, ought, at the instance of such representative, to be dismissed for want of prosecution.” Therefore, decree affirmed with costs, and cause remanded for farther proceedings to be had therein according to the principles of the foregoing opinion and decree.

 Reported ante, p. 93.